# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| DAVID PANNELL, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO.: 3:16-CV-897-TLS |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

David Pannell, a *pro se* prisoner housed at the Indiana State Prison, filed this Habeas Corpus Petition [ECF No. 1] challenging his murder conviction and 60-year sentence by the Marion Superior Court under cause number 49G01-9502-CF-24360. This is not the first time that Pannell has brought a habeas corpus petition challenging that conviction.

> In September 2012 Pannell filed his first petition for habeas corpus relief under 28 U.S.C. § 2254. The district court dismissed the petition as untimely, and we declined to certify an appeal. No. 15-2221 (7th Cir. Dec. 2, 2015).
> Since then Pannell has filed notices of appeal and requests for certificates of appealability in three separate district court actions, and we have consolidated the cases for disposition. In November 2015, Pannell filed with the district court an unsuccessful Rule 60(b) motion for relief on his first § 2254 petition (7th Cir. No. 15-3789). Separately, in May 2015, Pannell filed a second § 2254 petition, which the district court dismissed as an unauthorized successive collateral attack (7th Cir. No. 15-2620). Then, in September 2015, Pannell filed a third § 2254 petition, which the district court again dismissed as an unauthorized successive collateral attack (7th Cir. No. 16-1031).
> We agree with the district court that Pannell did not demonstrate grounds for granting his Rule 60(b) motion, and his subsequent § 2254 petitions and associated motions were properly dismissed as unauthorized successive collateral attacks. *See Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). We hereby warn Pannell that further frivolous filings will result in sanctions. *See Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997).

*Pannell v. Neal*, Nos. 15-2620, 15-3789, & 16-1031, slip op. at 2 (7th. Cir. May 6, 2016).

Pannell currently has three pending appeals from cases where he is attempting to challenge this conviction. *See Pannell v. Neal*, No. 16-1823 (7th Cir. filed April 14, 2016), *Pannell v. Neal*, No. 16-3214 (7th Cir. filed August 19, 2016) and *Pannell v. Neal*, No. 17-1021 (7th Cir. filed January 4, 2017). This Habeas Corpus Petition is yet another unauthorized successive petition. "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez*, 96 F.3d at 991 (emphasis in original).

Because Pannell has not obtained authorization from the Court of Appeals to file a successive petition, this case is **DISMISSED** for want of jurisdiction. Because this Court lacks jurisdiction, it cannot issue a certificate of appealability and so if Pannell files a notice of appeal, he is **DENIED** a certificate of appealability. For the same reason, the appeal would not be taken in good faith and he is **DENIED** leave to appeal in forma pauperis.

SO ORDERED on January 12, 2017.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION